THE UNITED STATES OF AMERICA and others *v.* A. F. COCHRANE and others.

Defendants had each obtained, separately, judgment for $100, with interest and costs, against the Bank of the United States, and had levied separate executions on different lots of ground.  Plaintiffs having taken a rule on them, to show cause why they should not be restrained from all further proceedings for the reasons stated, the rule was made absolute, and defendants appealed.  *Held*, that no appeal will lie, each judgment being for less than three hundred dollars.

APPEAL from a judgment of the Commercial Court of New Orleans, *Watts*, J.

*T. Slidell*, *Peyton* and *J. W. Smith*, for the plaintiffs.

*Durell*, for the appellants.

GARLAND, J.  Each of the defendants had obtained a separate judgment in the City Court of Lafayette, for $100, with interest and costs, upon which separate executions were issued, and severally levied on different lots of ground in the city of Lafayette,

The United States and others v. Cochrane and others.

which were advertised for sale by the Marshal of that court. The United States, represented by their attorney, and, Adams & Frazier, receivers of the assets and funds of the Bank of the United States, and its assignees, called on the defendants, by a rule, to show cause why they should not desist, and be restrained from all further proceedings under those seizures, on the ground, that the proceedings were an illegal interference with the proceedings of the Commercial Court, said property having been previously attached under process issued out of that court, in the suit of *The United States* v. *The Bank of the United States*, and subjected to their previous lien, and to the orders of the court, The defendants appeared and filed various objections to the proceedings, which were overruled by the court. A stay of all proceedings was ordered, and the defendants have appealed.

We have not thought it necessary to state the case more fully, as it is clear, that we have no jurisdiction of it. This court, on more than one occasion, have decided, that an appeal will not lie from a judgment rendered on *one* petition, enjoining executions on several judgments, each for less than three hundred dollars, rendered in separate suits, although the judgments added together amount to more than three hundred dollars. 5 Mart. N. S. 87. The counsel for the appellants endeavors to avoid the effect of this well established doctrine, by saying the property seized amounts to more than three hundred dollars. Of this we have no evidence. It is, therefore, unnecessary to consider what effect the alleged fact might have.

*Appeal dismissed.*