No. 6819.

WILLIAM L. CUSHING ET AL. VS. SAMBOLA & DUCROS ET AL.

In actions to annul, and enjoin judgment, as between the parties thereto, the jurisdiction of this court depends on the amount of the judgment sought to be annulled, and not on the value of property seized under it, or the amount of damages claimed by the appellant. Thus if the judgment sought to be annulled is under $500, the appellant can not give jurisdiction to this court by setting up a claim of damages for more than $500.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers*, J.

*R. King Cutler* and *A. T. Steele* for plaintiffs and appellants.
*Sambola & Ducros* and *H. N. Ogden* for defendants and appellees.
The opinion of the court was delivered by

SPENCER, J. Sambola & Ducros, attorneys at law, obtained for one

O'Dcnnell a judgment against plaintiffs, in the Fifth District Court of Orleans.

They recorded in the mortgage office, as a privilege upon said judgment, their claim for fees, amounting to one hundred and fifty dollars.

A year or two after this recordation the plaintiffs paid the amount of the judgment in favor of O'Donnell to J. W. Gurley, another attorney of O'Donnell. Still a year or two later Sambola & Ducros took a rule on plaintiffs, as judgment debtors in the O'Donnell suit, to show cause, on seventeenth May, 1877, why a judgment should not be rendered against them *in solido* for said fee of $150, because the law allowed them a privilege on the said judgment, etc. That rule was tried and made absolute by a decree of the Fifth District Court. Thereupon, Sambola and Ducros took out a writ of *fi. fa.* and served garnishment process on the Mechanics' and Traders' Insurance Company, and others. Garnishees, however, answered that they owed Cushing et al. nothing, and nothing was seized. The present suit is brought to annul, or have declared null, the judgment on said rule, and for $1000 *damages caused by issuance* of said writ of *fi. fa.*, particularly to William L. Cushing, who alleges that he has been "annoyed, harassed, and vexed" thereby, and that his "credit and standing in the mercantile community" have been injured, and "his feelings wounded," etc. Plaintiffs also prayed for an injunction against the writ pending the suit, which upon trial of a rule *nisi* the court refused to grant. Thereupon, alleging irreparable injury to an amount exceeding $500, plaintiffs appeal.

We are met at the threshold with the objection that this court has no jurisdiction. Wc think the objection well taken. The very basis and foundation of this whole suit is the demand in nullity of the judgment for $150. Eliminate that, and there is no suit; for if that judgment is valid and lawful, then however much plaintiffs may have been "annoyed, harassed, and vexed," and however much their "credit" and "feelings" may have been injured, there *may be loss* but there *is no damage.* The damages claimed arc the mere consequences, the incidents of the attempt to execute the judgment, and there is no other basis or cause of damage alleged. The principal demand is that of nullity.

If this court has jurisdiction in this case, one can hardly conceive of a case in which jurisdiction can not be given it. Every judgment for $100 or $200 will be enjoined on the ground that it is null and void, coupled with a claim for over $500 damages, as resulting from attempts to execute it.

The rule is well settled that in actions to annul and enjoin judgments, *between the parties thereto*, the jurisdiction of this court depends

Cushing vs. Sambola & Ducros.

upon the *amount of the judgment,* and not upon the value of property seized under it.

As a corollary of this, the *amount of damages* alleged as resulting from the execution of such judgment is not an element of jurisdiction in this court; for the amount of damage is generally proportioned to and dependent upon *the amount* of property seized; and as the amount and value of the property seized can not give jurisdiction, the amount of the damages claimed as resulting from the seizure of that property can not. See 12 A. 784; 14 A. 73. Besides, the claim for damages of $1000 is manifestly fictitious. It is incredible that such heavy damages could result from an abortive attempt to seize by garnishment $150.

The appeal is dismissed at costs of appellant.

### DISSENTING OPINION.

DeBlanc, J. Plaintiffs allege that, on the second of July, 1870, a judgment was rendered in favor of Charles J. O'Donnell against William Durbridge for $1091. On the seventeenth of May, 1873, said judgment was affirmed by this court, and—on the tenth of May 1875, was paid in full, including interest and costs.

Messrs. Sambola & Ducros were the attorneys of O'Donnell in the Fifth District Court and in the Supreme Court. The payment of the judgment obtained by them was made to J. W. Gurley Esquire, then acting as attorney for O'Donnell. On the third of May, 1873, defendants caused to be recorded in the mortgage office their bill of fees for services rendered to O'Donnell, and—if necessary as to them, this recording was a notice to the judgment debtors, the surety on the appeal bond furnished by them, and to O'Donnell, of the existence of a special privilege in favor of said attorneys on the judgment obtained by them. Rev. St. Sect. 2897.

In May 1877, Messrs. Sambola & Ducros took a rule on Durbridge— O'Donnell's debtor—and on Cushing—Durbridge's surety on the appeal bond—to show cause why they should not be condemned *in solido* to pay them—for their professional services—a fee of one hundred and fifty dollars. This rule was taken in the suit of O'Donnell against Durbridge, and made absolute more than two years after the judgment obtained by defendants had been paid in full. However evident the right, was that the proper remedy? Plaintiffs contend that it was not, and defendants that this court can not entertain the appeal for want of jurisdiction *ratione materiæ.*

What appears to be the object of plaintiffs' suit? To have declared absolutely void the judgment for $150, obtained against them in the

rule—to recover $1000 damages already suffered, to prevent an additional and irreparable injury of over $500, and to enjoin the execution of a writ of *fi. fa.* issued on defendants' judgment.

Is this not but one, a principal action—an action for damages? It may be examined without annulling any judgment; it may be decided without *decreeing* the nullity of what the defendants are attempting to execute as a judgment. The prayer that the decision sought to be executed as a regular judgment, be declared to be an absolute nullity, is a mere surplusage: without it, the action, the only one of which we can take cognizance, would have been as complete as it is with it.

On the part of plaintiffs, it would have been sufficient to allege that —acting under the instructions of defendants and a writ issued from a proceeding which has but the form of a judgment, and which — as a judgment never had any legal existence—the sheriff—by his attempt to execute said writ, and defendants by their instructions to said officer, have already impaired and now threaten to destroy their credit, and that—unless restrained by an injunction, they—the said sheriff and defendants—would cause them—the said plaintiffs—an irreparable injury; and to then conclude their petition by merely praying to be allowed the damages already suffered by them, and for the maintenance of the injunction suspending the unlawful execution. They have done that and more: they have—without necessity—asked a declaration of the nullity of a proceeding, to the introduction of which, as evidence, they could have successfully objected on the trial, and which—if introduced—would have been, not *decreed* to be a nullity, but treated as a nullity, for the reason that, having been obtained without a previous citation, it has only the form, not the substance of a judgment. Whatever may be the nature or the insignificance of an act about to be or already accomplished, we are to look to its effects, and if those effects do threaten to cause to any one an irreparable injury and damage which would amount to more than $500, the party who has already suffered and is again exposed to suffer from the effects of the act, may appeal to this court.

Was the proceeding by rule a proper, a legal proceeding? On this point, we have been referred to several decisions of the courts of Kentucky, Georgia, New York and Maine, in which it was held, in substance, "that the attorney who obtains a judgment has a lien upon it for the amount of his costs, and that the payment of such a judgment, in disregard of the attorney's claim, is equivalent to paying to the assignor, a debt which has been assigned, after notice of the assignment."

These decisions are as just as correct; but—to enforce their claim— could defendants have legally proceeded by rule? They could not, and for two reasons:

1. Summary proceedings being departures from the rules which govern actions generally, can not be extended beyond the cases expressly authorized by law, and defendants' action is not one of those which could have been pursued by such a proceeding.

2. The right to proceed by rule or on motion implies the *pendency* of a suit between the parties, and is confined to incidental matters which may arise in the progress of the contestation, except in the cases expressly allowed by law.

C. P. 98—170—754—756.   6. R. R. 437; 3 A. 434; 12 A. 182—799.

In the case of Nolan vs. Taylor, this court held " that the fees for the services of an attorney at law, although he has acted in the relation of a tutor *ad litem*, under an appointment by the court, can not be recovered in a proceeding by rule, after the determination by a final judgment of the litigation in which he was employed.

12 A. 202.

Defendants' judgment for their fees having been rendered on a rule taken in a case which—long before—had been finally decided, and rendered without citation to, appearance or answer of the parties, that judgment was and remains an absolute nullity.

Defendants invoke the settled doctrine that an injunction can not issue to stay the execution of a judgment, on grounds which might have been pleaded in defence of a suit and before judgment. This is true, but that doctrine applies to only the cases wherein there has been a defence, and can not be extended to those in which the essential formalities prescribed by law have not been complied with.

It may be, as they allege, that plaintiffs' demand for damages is a fictitious one. That claim is supported by the affidavit required to obtain the injunction, and—until contradicted by proper evidence—the legal effect of that affidavit can not be disregarded. Had the injunction been granted and tried, and had the trial established that the action in damages is but a mask used to gain admission into this jurisdiction, we would have dismissed the appeal.

The refusal to grant the injunction leaves us in presence of the serious and as yet uncontradicted facts that plaintiffs have already been injured in the sum of one thousand dollars—that they are threatened with additional damages which, unless prevented by injunction, shall amount to more than five hundred dollars, and all this on account of an attempt, on the part of defendants, to execute a judgment which has no legal existence. To avert what they consider as an impending and irreparable injury, plaintiffs have tendered bond as required by law and applied for writs of injunction. Their application should have been granted.

29 A.

Cushing vs. Sambola & Ducros.

Were we called upon to affirm, amend or reverse the judgment obtained by defendants, to *decree*, instead of declaring its nullity, this court would be without jurisdiction in the matter: but this is not the case presented by the pleadings. We are called upon to decide whether plaintiffs have suffered damages in the sum of $1000, and whether—unless they be allowed the injunction applied for—they shall suffer an irreparable injury and other damages. If any part of the demand could have been dismissed by the lower court, or can be dismissed by this court, on the ground relied upon by the defendants, it could have been or can be but that branch of the demand which relates to the declaration in nullity? Curtail the action of that branch, and there would still remain before us—in substance and in terms—a complete action in damages, one exceeding $500.

The rule is well settled, and I adhere to it, that no appeal lies from the decree dissolving an injunction taken to arrest the execution of a writ, when a merely voidable judgment on which said writ issued is for less than five hundred dollars, although the value of any property seized, and the amount of damages claimed, be each more than that sum—and this, for the very plain reason that, to relieve the property from seizure, and to determine the party's liability for damages, this court would be compelled, not merely to enquire into the validity of the judgment sought to be executed, but—in reality—to indirectly affirm or reverse that judgment.

The rule invoked is the invariable rule applicable to every case wherein there is a judgment, though it be one of those which may be annulled for any of the causes prescribed by law, when those who seek to appeal from the decree dissolving the injunction were parties to the suit in which the original judgment was obtained.

In the case now pending in this court, taking as true, as we must—the allegations of plaintiff's injunction, he is not resisting the execution of any decree, but the unlawful acts of parties acting under a judicial order, which has but the form and none of the elements of a decree, and the nullity of which can be urged by any interested party, in a direct action or otherwise.

Had plaintiffs' demand been allowed and defendants condemned to pay them the amount which they claim as damages, can there be any doubt that said defendants would have been entitled to an appeal, not because of the amount specified in the judgment, but because of that specified in the pleadings? Is this an appealable case, but only so far as defendants are concerned? I believe not—and, on that account, respectfully dissent from the opinion read.