No. 9929.

MRS. SARAH E. MARSHALL VS. H. B. HOLMES, SHERIFF, ET AL.

| 39 | 313 |
| e114 | 651 |
| 39 | 313 |
| 115 | 489 |

A party cast in an action of nullity of twenty-four judgments, in none of which the amount in dispute exceeds $2000, brought in one petition, cannot sustain an appeal in the Supreme Court, although the amount involved in all the judgments together does exceed $2000.

A cause not appealable in amount to the Supreme Court for the review of the judgment originally rendered therein cannot be made appealable there to review the judgment rendered in an action of nullity in the same cause.

APPEAL from the Eighth District Court, parish of Madison. *Deloney, J.*

*Walton Farrar*, *Wade R. Young* and *J. G. Hawkes* for Plaintiff and Appellant.

*Stone & Murphy* for Defendants and Appellees.

The opinion of the Court was delivered by

POCHÉ, J.   Plaintiff, owner of a plantation, was made a co-defendant with twenty-four of her tenants, in twenty-four different suits instituted by D. Mayer, for the recovery of various sums of money due him by the tenants respectively, on account of advances made to them in working animals, and general plantation supplies, and for the enforcement against Mrs. Marshall of an alleged obligation on her part to deliver to Mayer a sufficient quantity of cotton to satisfy the amount due by each of her aforesaid tenants.

In one of the suits, entitled D. Mayer vs. William Talliaferro, the following agreement was entered into by counsel of both parties:

" In this case it is agreed between plaintiff and defendant, through their counsel, that this shall be test case of all the cases numbered from 595 to 618, inclusive of both, and the final decision of this case shall be decisive of all the issues involved in said cases of like character as those in the case being tried, and at the April term of the District Court judgment by said court shall be rendered upon the issues as decided and passed upon in this case in the appellate court."

From a judgment against her in the District Court, Mrs. Marshall took an appeal to the Court of Appeals, where the judgment was amended in some particulars, and otherwise affirmed.

Whereupon the District Court entered a judgment in conformity with the conclusions of the Court of Appeals in each of the twenty-three other suits embraced in the agreement of counsel hereinbefore referred to.   Mrs. Marshall then had recourse to the present suit, by means of which she seeks to enjoin the execution, and to obtain a decree declaring the nullity of the twenty-four judgments rendered as above set forth.

She prosecutes this appeal before us from a judgment of the District Court rejecting her demand and dismissing her action with damages of twenty per cent on the amount of each of the judgments aforesaid.

The point made by appellees' counsel to the effect that this Court has no jurisdiction *ratione materiæ* is well taken, and hence it must be sustained.

The highest amount involved in any one of the twenty-four suits is

$361 20. Hence it is clear that not one of the judgments could by itself have been appealed to this Court.

This is conceded, in fact, by appellant herself by taking her first appeal from the judgment in the Talliaferro case, which she brought to the Court of Appeals, although, under the argreement of her counsel, the final judgment rendered there was practically a decision of the twenty-three other cases.

Can she now vest jurisdiction in this Court, in an action of nullity by cumulating twenty-four judgments in one petition ?

The question is answered in the negative by the very nature of things as well as by our jurisprudence.

A similar attempt was made in the case of Provost and wife vs. Creig et al., 5 N. S. p. 87.

It was disposed of in the following manner :

"It appears that each of these judgments was given for an amount less than that of which this Court can take cognizance. The attempt therefore made by this mode of proceeding to obtain a review of these judgments, and to have their nullity established, is an attempt to have that done indirectly which the law will not permit to be done directly. We are of opinion that we cannot in this way take cognizance of cases of which the Constitution and the law have denied us jurisdiction."

The same doctrine was enforced in the case of the United States vs. Cochran et al., 5 Rob. 120, in which the Court said : " This Court, on more than one occasion, have decided that an appeal will not lie from a judgment rendered on *one* petition enjoining executions on several judgments, each for less than three hundred dollars, rendered in separate suits, although the judgments added together amount to more than three hundred dollars." See also Armitage vs. Barrow, 10 Ann. 78, and Stevenson vs. Weber, 29 Ann. 106.

Common sense and logic alike point to the rule that a cause not appealable in amount to this Court for the review of the judgment rendered therein, cannot be made appealable here to review the judgment rendered in action of nullity in the same cause.

In the case of Denegre vs. Moran, 36 Ann. 423, the rule was formulated in the following language : " The Supreme Court has no jurisdiction over a suit in nullity to annul a judgment rendered in a case in which the amount in dispute is less than $1000. It is immaterial what the grounds of nullity be."

The action of this court in entertaining the present appeal would practically be the assumption of appellate jurisdiction of a cause which, under the Constitution, belongs to another appellate court, and

would involve the court in an attempt to review a final judgment rendered by the proper Circuit Court of Appeals.

Under the conclusions herein announced the appellant is not deprived of her constitutional right of appeal; she is merely required to retrace her steps from the incompetent to the proper tribunal.

It is therefore ordered that this appeal be hence dismissed at appellant's costs.