## No. 9959.

### THE STATE EX REL. M. M. S. MACKENZIE.

In a proceeding involving a question of jurisdiction *ratione materiae*, a party will not be allowed to cumulate several judgments so as to create an appealable amount, which is not disclosed by any one of the judgments in question.

In a contest between two parties for priority of execution on the same property, against the same defendant, the value of the property seized is not the test of jurisdiction, if neither party claims any privilege thereon.

APPLICATION for Certiorari and Mandamus..

*Taylor & Stewart,* for the Relator.

The opinion of the Court was delivered by

POCHÉ, J.    Relator complains of the refusal of the respondent judges to entertain an appeal, which he brought before them from the District Court, and which they dismissed for want of jurisdiction *ratione materiæ.*

The facts are that relator, as plaintiff in eight judgments, rendered in his favor against the same defendant, in a justice of the peace court, and each, therefore, in a sum less than one hundred dollars, caused execution to issue in each and all of his judgments against the same defendant, under which the constable seized certain property of the defendant of the value of several hundred dollars.

Subsequently, in execution of a judgment rendered by the same justice of the peace court, in favor of another party, against the same defendant, and also in a sum less than one hundred dollars, the same constable levied on the same property, which he had already seized under Relator's execution, and was proceeding to advertise and to make a sale, under the latter, in advance of the previous seizure. Whereupon Relator sued out an injunction from the District Court, to restrain the constable from proceeding, as he proposed, to execute the

writ last issued against the common defendant and debtor, on the ground that his intended course was illegal, and was a result of a scheme to injure Relator and to destroy his rights in the premises. On an exception, among others, that the District Court had no jurisdiction, his injunction proceeding was dismissed, and his appeal to the Circuit Court of Appeals was from that judgment. As the lower limit of the jurisdiction of that court is one hundred dollars, the question involved is whether it had jurisdiction over the controversy. Assimilating his proceeding to the revocatory action, relator first contends that the matter in dispute exceeds one hundred dollars, because the sum total of his eight judgments, added together, exceeded four hundred dollars, exclusive of interests and costs. But he cannot thus cumulate the different amounts of distinct and separate judgments so as to create an appealable interest not disclosed in any one of the judgments in question. This principle was quite recently reaffirmed by this Court in the case of Marshall vs. Holmes, decided on the 7th of March last past, and not yet reported.

But relator also contends that the test of jurisdiction is in the value of the property seized, which is shown to exceed the sum of five hundred dollars. That argument is also erroneous.

The real matter in dispute is the alleged misconduct of the constable, whose course threatens relator with a loss equal to the amount of the last judgment rendered against the common debtor.

The crucial question involved in the controversy hinges upon the right of the plaintiff in that case to execute a judgment in a sum less than one hundred dollars on property which had already been seized at the instance of this relator. Neither party claims any privilege on the property of their common debtor in the hands of the constable; and the contest is reduced to a simple struggle for the first proceeds realized from the sale of the property.

In their brief, relator's counsel say : " We do not claim a privilege— that is, a right to be paid by preference out of the proceeds of the sale of the property because we enjoin its sale." That feature of their case removes it beyond the domain of the two decisions on which they rest this ground of their contention. Wood et al. vs. Rocchi, 32 Ann. 1120; Meyer, Weiss & Co. vs. Logan, 33 Ann. 1055.

The true test of jurisdiction in the premises is the amount of the judgment, the execution of which is enjoined—and that is admitted by relator himself to be less than one hundred dollars. Loeb vs. Arent, 33 Ann. 1085; Endom vs. Ludeling, 34 Ann. 1024.

Hence, we conclude that the respondent judges correctly held that the case was not within the jurisdiction of their court.

It is therefore ordered that the writs herein applied for be denied, at relator's costs.