## No. 12,506.

### HUGO H. FREDERICKS VS. C. H. DONALDSON ET ALS.

The suit brought against a number of creditors claiming liens on the building of the plaintiff is not within the jurisdiction of this court, when each creditor claims less than two thousand dollars. Constitution, Art. 81 as amended, Acts 1882, p. —.

The appellate jurisdiction of this court based on "the fund to be distributed" can be exerted only when the fund deposited subject to the order of the court exceeds two thousand dollars. *Ibid.*

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Charles Louque* for Plaintiff and Appellant; *Solomon Wolff* for G. Villermin, Defendant and Appellee; *Dart & Kernan* for O. A. Mattes Central Manufacturing and Lumber Company, Limited, and R. K. Hackney, Surety, Defendants and Appellees; *Frank McGloin* for A. H. Moise, Liquidating Partner of J. Fred. Randolph, Defendant and Appellee.

Argued and submitted February 8, 1898.
Opinion handed down April 4, 1898.

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

MILLER, J. The plaintiff appeals from the judgment on his petition against the defendant, the contractor for the erection of buildings for the plaintiff, and against the contractor's sureties, and against the workmen and furnishers of materials, claiming liens on the buildings for work upon and materials furnished for the buildings.

The contractor abandoned the work, and the plaintiff completed the building for less than would have been due the contractor, if he

had performed his contract. When the plaintiff finished the erection, there remained unexpended six hundred and eighty-eight dollars, the difference between the contract price that would have been paid the contractor if he had not defaulted, and the amount plaintiff expended to finish the erection. There were recorded liens against the buildings for the workmen and supply men to the amount of two thousand six hundred and sixty-eight dollars. The plaintiff deposited the six hundred and eighty-eight dollars, asked that amount be distributed to the lien creditors; their liens decreed to be erased; that plaintiff be discharged from all liability, and that he have judgment against the sureties in the event of any liability on his part in excess of the amount deposited.

The judgment of the lower court distributed the amount deposited to the lien creditors, and they have acquiesced; the judgment decreed the plaintiff liable beyond the amount deposited for two small amounts, one of two hundred and ninety-eight dollars and another of sixty-five dollars, and dismissed the demand against the sureties. In this posture the plaintiff takes the appeal, and is met by the motion to dismiss.

It thus appears the plaintiff sued numerous parties asserting conflicting rights to the six hundred and fifty-eight dollars he deposited. The demand of each of these parties was less than two thousand dollars. The plaintiff's demand of the surety of the contractor was contingent, i. e., in the event the plaintiff was made liable beyond the amount he deposited. This contingent demand was less than two thousand dollars.

In no aspect it seems to us can this appeal be maintained. The suit against a number of defendants each alleging a debt against plaintiff for amounts less than two thousand dollars can not be brought within our jurisdiction merely because the aggregated claims exceed two thousand dollars. On any appeal by these creditors the amount of each claim would be the test of our jurisdiction, nor is the test different because plaintiff sued them, and in this form seeks an adjudication on appeal on claims all below the jurisdiction of this court. The United States and others vs. Cochrane and others, 5 Rob. 120; Boulden vs. Hughes, 8 N. S. 285. The demand against the sureties as stated in the brief is below our jurisdiction. The fund deposited is six hundred and fifty-eight dollars and the fund " to be distributed " must exceed two thousand dollars

to give us jurisdiction when that distribution is the basis to sustain the appeal. Constitution, Article 81, as amended by the amendment of 1882; Acts, p. 174; Insurance Company vs. Levi *et al.*, 40 An. 135; Renshaw vs. Stafford, 34 An. 1140.

It is therefore ordered, adjudged and decreed that the appeal in this case be dismissed at appellant's costs.