State vs. Logan et al.

No. 13,795.

STATE OF LOUISIANA VS. WILLIAM LOGAN ET AL.

SYLLABUS.

1.  When two defendants, charged with the same offense, are tried together, and a bill of exceptions to the admission of evidence is reserved by one of them, who is thereafter acquitted, the other defendant is not entitled to claim any advantage under the bill so reserved unless it is thereby made to appear, upon the face of the record, that an error has been committed to his prejudice.

2.  In Act No. 63 of 1884, the word "extort" is used in its ordinary, as contra-distinguished from the technical, sense, in which it is used in Section 868 of the Revised Statutes, and, as so used, applies to persons generally, and signifies "the taking or obtaining of anything from another by means of illegal compulsion," whether upon a claim of right or otherwise.

3.  Where there is no bill of exceptions it must be clear upon the face of the record that an error has been committed to the prejudice of the defendant or the judgment against him will not be reversed. A doubt will be resolved in favor of the validity of the action of the trial court.

APPEAL from the Third Judicial District, Parish of Claiborne—Edwards, J.

Walter Guion, Attorney General, and J. C. Theus, District Attorney. (Lewis Guion, of counsel), for Plaintiff and Appellee.

Richardson & Richardson for Defendants, Appellants.

The opinion of the Court was delivered by

MONROE, J. It appears from the record in this case that Wm. Logan, Lee Slaton and Thomas Holly were charged in the same indictment with having, on the 5th of October, 1900, wilfully and feloniously

threatened to kill Robert Thurmond, with the intent to extort money, goods and chattels, etc.

Logan was not placed on trial, but Slaton and Holly were tried together, with the result that Slaton was acquitted and Holly was convicted, with a recommendation to mercy, and sentenced to one year's imprisonment at hard labor. His case is presented here by means of two bills of exception.

The first bill was taken to the ruling of the court on the following question propounded by the State to R. S. Thurman, a State witness, to-wit: "What statement or threats did the defendants make against him?" to which the counsel for the defendant objected, on the grounds, that there was no allegation or charge of conspiracy, and that no statements or threats could be received against a defendant not making them unless the jury were instructed that they were received only as against the defendant by whom they were made; which objection was overruled by the court, for the reason, as appears from the bill, that "a statement " made by one defendant in the presence of the others that all parties " present when the statement or threat is made is bound by them (sic) " and the said statement or threat is receivable in evidence, and is to be " considered by the jury as against all such parties." It further appears from the statement of the judge that the bill was reserved on behalf of the defendant, Slaton, who was acquitted. It is fair to assume from this that whatever threats may have been testified to in the answer to the question propounded to the witness were made by the other defendant, Holly, who had, therefore, no just ground for complaint. If, however, he had reason to complain, he should have embodied his complaint in a bill of exception, since the bill reserved on behalf of his co-defendant cannot avail him.

The second bill presents the following questions, to-wit: Counsel for defendant requested the court to charge the jury, substantially, that if it appeared that the person threatened owed the amount demanded, a threat by the latter, conditioned upon the non-payment of the amount due, should not be regarded as a threat to extort money, within the meaning of the statute; which request was refused; and the court charged the jury (according to the bill prepared by defendants' counsel) "That it made no difference whether he owed the party making the " threat or not; that he could not sue for his debt, and that if he threat-" ened the party who owed him, he was guilty under the statute," to which refusal to charge, as given, the defendant, through his counsel, excepted.

"The ordinary meaning of the word extortion is the taking or obtain-
"ing of anything from another by means of illegal compulsion or
"oppressive exaction. * * * But the word has acquired a technical
"meaning in the common law, and, in this sense, may be defined to be
"the corrupt and unlawful taking by any officer of the law, under color
"of his office, of any money, or thing of value, that is not due to him, or
"the corrupt or unlawful taking of any money or thing of value under
"color of his office, in excess of what is due to him, or before it is due to
"him. Extortion, in its technical sense, is also made the subject of
"statutory enactment, substantially declaratory of the common law, in
"England and in most jurisdictions in the United States." Am. &
Eng. Enc. of Law, 2nd Ed., Vol. XII, pp. 576, 577.

"Extort. 1. To obtain as from the holder of desired possessions or
"knowledge, by force or compulsion; wrest or wring away by any
"violent or oppressive means, as physical force, menaces, dureses,
"torture, authority, monopoly, or the necessities of others.

"2. *In law,* to take illegally under color of office. * * *

"Extortion 1. The act of extorting. * * *

"2. *In law,* strictly, the crime of obtaining money or other property,
"or service, from another under color of public office, when none is due,
"or not so much is due, or before it is due. In some of the United
"States, moreover, a wider signification is given to the word by statute."
Century Dictionary.

In this State the technical offense known to the common law as
"extortion" was punishable under Section 868 Revised Statutes—which,
by its terms, applied exclusively to officers. State vs. Lubin, 42 Ann.
79. By Act 63 of 1884 it was declared that "any person," who "shall
threaten to kill * * * with intent to extort money * * *"
shall, upon conviction be imprisoned, etc." This statute has been held to
be constitutional in an opinion in which Mr. Justice Miller, as the
organ of the court, said: "It defines the offense of attempting to extort
money by threats or other unlawful devices." State vs. Rushing, 49
Ann. 1532. There is no question, then, of the application of the law to
the defendant, and we can find no sufficient reason for holding that it
does not apply to the act which he is charged with having committed;
since the threats charged against him are within its terms whether he
claimed that the money demanded was due to him or not. Cases decided
in other States in which it is said that a contrary view has been held
are, perhaps, based upon the language of particular statutes, which

may have admitted of the exceptions for which 'the defendant's counsel here contends.

The foregoing presents, substantially, the questions reserved in the bill as they are set forth by the defendant's counsel. The judge *a quo*, however, made some addition to the bill, as prepared, reciting, in slightly different language from that used by defendant's counsel, certain testimony tending to show that something was due to the defendant by the party whom he is charged with having threatened, and showing that the defendant had said that, if he did not get it in one way, he would in another; that "he would shoot it out," which recital concludes with the statement by the judge: "The court charged the " jury that this was not the way to collect debts, that the law provided " the mode and manner of collecting debts. That if Thurmond owed " Holly anything, he could have obtained the same in a legal and " proper manner." And, to this statement, the objection is urged, in the brief, that it embodies an unwarranted comment upon the evidence, and was prejudicial to the defendant. Taking the statement of the counsel as to what the judge charged, in connection with 'the judge's statement upon that subject, it is not altogether clear to us in exactly what language the charge was expressed. And, inasmuch as no objection was made and no bill of exceptions taken at the time, on the ground that the language used imported a comment on the testimony, we are bound to suppose that it did not so impress the counsel at the time. And, from the presentation of the matter in the record, we are not prepared to hold that it did import such comment.

The judgment appealed from is, therefore, affirmed.

Rehearing refused.