(38 South. 483.)

No. 15,473.

STRAIN'S HEIRS v. LYONS et al.

(March 27, 1905.)

SUPREME COURT—JURISDICTION—VACATION OF JUDGMENT.

This court is without jurisdiction in an action to annul a judgment which was affirmed by the proper Court of Appeal in the exercise of its conceded appellate jurisdiction.

In such a case jurisdiction cannot be vested in this court by ingrafting on the action in nullity demands for damages, or other collateral and contingent claims dependent on the annulment of the judgment.

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert Raymond Reid, Judge.

Action by the heirs of Zachariah Strain against Jacob C. Lyons and others. Judgment for defendants, and plaintiffs appeal. Transferred to the Court of Appeal on conditions.

Henry L. Garland, Jr., for appellants. Benjamin Moore Miller and Benjamin Ory, for appellees.

LAND, J. On December 23, 1899, Emmet T. Moody and Louis J. Heintz obtained a judgment in the district court for the parish of St. Tammany against Zachariah Strain and Mrs. Winifried C. Heintz, decreeing said plaintiffs to be the owners of a certain tract of land, containing 35.51 acres, as delineated

in a plot of survey filed by the surveyors appointed by the court. and that they have and recover possession of the same from the defendants.

Strain appealed to the Court of Appeal, which on February 8, 1900, affirmed the judgment of the district court. In September, 1900, Mrs. Heintz also took an appeal, which in January, 1901, was dismissed by the Court of Appeal on the ground that Mrs. Heintz was a party to the appeal of her codefendant, Strain, and was bound by the judgment rendered thereon.

Mrs. Heintz applied to the Supreme Court for a mandamus to compel the Court of Appeal to entertain jurisdiction of her appeal. This application was carefully considered, as shown by the opinion handed down, but was denied. See 105 La. 309, 29 South. 384.

The case, as originally decided by the district court, hinged on a question of boundary. The parties agreed on two surveyors, who were, at their request, appointed and commissioned by the court to survey the land and lots described in the deeds of the respective parties. The surveyors reported, and their procès verbal showed that "defendants occupied a tract of land 180 feet by 500 feet, belonging to the plaintiffs."

It appears that defendants' titles called for certain lots in the town of Claiborne, and the surveyor reported that the Military Road was the north boundary of the town, and consequently the north boundary of defendants' lots. Whether correct or incorrect, the report of the surveyors was made the basis of the judgment of the court.

Confronted by this judgment, which had been affirmed on his appeal, Zachariah Strain in January, 1904, brought suit in the district court against Emmet T. Moody, Louis Heintz, and Jacob C. Lyons—the last named being the purchaser of the property—to annul said judgment, and to establish and fix the boundaries which were litigated in the first suit.

Mrs. Winifried C. Heintz was not made a party, but she brought a separate action in nullity.

The ground of nullity alleged is that the judgment in question was based on a false survey, of whose falsity and absolute incorrectness plaintiff obtained knowledge within a few months prior to the institution of the suit, by the discovery of a map of the town of Claiborne, which established the fact, confirmed by his title, that his lots are on the north side of the Military Road, and not on the south side, as shown by said false survey. It is charged in the petition that one of the surveyors referred to had recently made and verified by his oath a map of the town of Claiborne in direct, positive contradiction of the survey made by him in the former suit, and showing that plaintiff's lots are on the north side of the "Military Road." Other illegalities and errors in the first suit were alleged in the petition as grounds of nullity. The charging part of the pleading concludes with the following statement:

"That the judgment rendered in the suit of Moody and Heintz v. Zachariah Strain, being erroneous and based upon false documents, fictitious and false surveys, should be annulled."

Plaintiff died pendente lite, and his heirs made themselves parties to the suit, and filed a lengthy amended and supplemental petition. They alleged that since the filing of the suit they had discovered the original map of the town of Claiborne, made in the year 1819; that "said map was suppressed by defendant author"; that it was abstracted from the clerk's office by the defendant or his author, for the purpose of suppressing the truth, and the fact that, as the map shows, there were and are lots in the town of Claiborne on the north side of the Military Road; "that said map had been tampered with" by the defendant or his author. or their authors, "and had been recently discovered" in the hands of the authors of defendant's title. The amended petition charged the defendant Lyons with knowledge

that the survey in the first suit was "entirely erroneous and inaccurate."

In this connection it may be stated that, in the original petition in this suit, plaintiff claimed the ownership and possession of lots 163, 164, 165, and 166 of the town of Claiborne, and alleged that the claim of defendant Lyons was a cloud upon his title.

Plaintiff prayed for judgment against Moody and Heintz annulling the first judgment, for the refunding of all costs amounting to $100, and for $250 damages "for disturbance to his peaceful and quiet enjoyment of his property."

As against Lyons, plaintiff prayed that the limits of their estates be judicially fixed and established.

In the amended petition it is alleged that Lyons was a trespasser in bad faith, and sought to injure and oppress plaintiffs by dispossessing them of their property, excluding them from the use and enjoyment thereof, to their great damage, injury, mortification, and annoyance, in the sum of $2,950, for which they prayed judgment against said Lyons.

Moody died, and his widow, as sole heir, accepting his estate, was made a party defendant. Defendants appeared and excepted to plaintiff's petition on the following grounds:

(1) That the district court was without jurisdiction to annul the judgment which had been affirmed by the Court of Appeal.

(2) That the petition disclosed no cause of action.

(3) The prescription of one year from the date of the judgment of the district court, to wit, December 23, 1899.

(4) Misjoinder of parties, in that Lyons was not a party to the judgment sought to be annulled.

(5) Nonjoinder of parties, in that Winifried C. Heintz and her husband, parties to the judgment, had not been made parties to the suit to annul.

(6) That insufficiency of evidence is no ground on which a judgment can be annulled.

The court ordered that the exceptions be referred to the merits.

To add to the complications, a number of property holders, alleging that they had an interest in the question of the proper boundaries of the town of Claiborne, intervened, and prayed that the survey made in the first suit be annulled and set aside, as erroneous and prejudicial to their interests, and further prayed for a new fixing of limits. Lyons excepted to the petition of intervention, as disclosing no interest in the controversy before the court.

Defendant Lyons answered plaintiff's petition, pleading the general issue, and alleging title in himself, acquired in good faith from Moody and Heintz after final judgment in their favor, decreeing them to be the owners of the property. Lyons called his vendors in warranty.

The same defendant also answered the petition of intervention, pleading a general denial, and specially denying the ownership and possession in interveners of any lands adjoining or contiguous to that of respondent, or situated on the north side of the Military Road. The other defendants did not answer to the merits, and, as to them, issue was joined by default.

The case was tried, and there was judgment in favor of defendants, rejecting plaintiffs' demand; the court holding that they were concluded by the judgments of the district, circuit, and supreme court in the case of Moody and Heintz v. Zachariah Strain and Mrs. Winifried C. Heintz, and plaintiffs' acquiescence therein, and that the court was without authority to disturb or annul said judgment of the circuit and supreme courts.

Plaintiffs appealed, and defendants have moved to dismiss on a number of grounds, one of which is the want of jurisdiction in this court ratione materiæ.

As already noted, plaintiffs have cumulated in one action three demands, to wit:

(1) To annul a judgment; (2) to fix boundaries; (3) to recover damages. The two last demands are contingent on plaintiff's success in maintaining the demand in nullity.

Can these demands be cumulated for the purpose of giving this court jurisdiction?

It is conceded that the Court of Appeal had appellate jurisdiction over the judgment sought to be annulled.

The following agreement was made a part of the record of the former suit, to wit:

. "It is agreed that the property value in dispute is three hundred dollars."

In Marshall v. Holmes, 39 La. Ann. 315, 1 South. 612, the court said:

"Common sense and logic alike point to the rule that a cause not appealable in amount to this court for the review of judgment therein cannot be made appealable here to review the judgment rendered in action of nullity in the same cause."

In that case plaintiffs sought to annul 24 judgments, one of which had been affirmed by the Court of Appeal, and by agreement of parties the others had been rendered by the district court in conformity with the judgment of the appellate tribunal.

In Denegre v. Moran, 36 La. Ann. 425, the court said:

"The attempt to ingraft on the suit in nullity a claim for eleven hundred dollars damages, founded or not, cannot produce the effect of giving to this court a jurisdiction to annul the judgment which it would not otherwise possess. * * * It is immaterial on what grounds the nullity is asked. It suffices that the court be called upon to annul a judgment in an unappealable case."

In Cushing v. Sambola & Ducros, 30 La. Ann. 426, the court held that in actions of nullity of judgment, as between the parties thereto, the appellate jurisdiction depends on the amount of the judgment sought to be annulled, and not the value of the property seized or the amount of damages claimed.

It is unnecessary for us to decide whether or not the district court had jurisdiction to annul a judgment which had been affirmed by the Court of Appeal, but, conceding such jurisdiction, the appeal in the action in nullity' should be taken to the same appellate court which affirmed the original judgment. Code Prac. art. 608.

This court cannot be called upon to annul a judgment over which, when rendered, it had no appellate jurisdiction.

It is therefore ordered that, in the event the appellants or their attorney shall, within six judicial days from the date of the rendition of this decree, make oath as provided by Act No. 56 of 1904, then this cause shall be transferred to the Court of Appeal in and for the parish of St. Tammany; otherwise that the appeal herein be dismissed at cost of appellants.