ST. PAUL, J.
 

 The defendant was charged in separate informations (a) with having intoxicating liquor in his possession for beverage purp'oses, and (b) with transporting intoxicating liquor for beverage purposes. The two eases were tried at the same time, and defendant was convicted
 
 in each case,
 
 and sentenced to 20 days’ imprisonment and $250 fine
 
 in each case;
 
 and in default of payment of fine to 100 days’ additional imprisonment
 
 in each case. . s
 

 It is clear that we have here two separate convictions and sentences for two separate offenses; in neither one of which have we any appellate jurisdiction. Const. 1921, art. 7, § 10,
 
 in fine,
 
 p. 40.
 

 But the defendant cannot, by combining in one appeal two separate judgments, invest
 
 *957
 
 this court with a jurisdiction which otherwise it has not.
 

 This is the rule in civil cases. Southern Timber Co. v. Wartell, 109 La. 453, 33 So. 559; State v. Judges, 105 La. 334, 29 So. 892; Landry v. Sugar Refining Co., 104 La. 760, 29 So. 349; Bank v. Allen, 39 La. Ann. 808, 2 So. 600; Marshall v. Holmes, 39 La. Ann. 313, 1 So. 610; Tague v. Insurance Co., 38 La. Ann. 456; Collins v. Miss. & Gulf Co., 26 La. Ann. 276; Armitage v. Barrow, 10 La. Ann. 78.
 

 And the rule is equally applicable in criminal cases; the reason thereof being that jurisdiction is given by law and not by the act or consent of one, or even both, of the parties to the litigation.
 

 Decree.
 

 The appeal herein is therefore dismissed.