No. 2686

Second Circuit

WILLIAMS v. COLEMAN ET AL.

(April 10, 1930. Opinion and Decree.)

T. H. McEachern, of Homer, attorney for plaintiff, appellant.

William C. Boone, of Homer, and J. Rush Wimberly, of Arcadia, attorneys for defendants, appellees.

WEBB, J. In this action plaintiff, W. A. Williams, alleged that certain real estate owned by him had been seized by John W. Coleman, sheriff, in execution of

a judgment rendered in the cause of J. L. Burdine vs. W. A. Williams (plaintiff here) and W. M. Smith, and that the property had been advertised for sale. He further alleged that the judgment was null and void for the reasons that it was obtained on insufficient evidence, without the knowledge of plaintiff, W. A. Williams, through fraud and misrepresentation, and on evidence that was false and untrue, and that, in order to conserve his rights, it was necessary that a writ of injunction should issue restraining the sale. He further alleged that he had been compelled to employ an attorney at an expense of $75, and plaintiff prayed for the issuance of a rule nisi against J. L. Burdine and the sheriff to show cause why a writ of injunction should not issue, and that on final trial the judgment be annulled, and that he have judgment against defendants for $75, damages for the illegal issuance of the writ of execution, and maintaining the writ of injunction.

The rule nisi was issued and a preliminary injunction granted, and defendant answered, admitting that the property seized was owned by Williams, the seizure of the same by the sheriff, under execution issued on a judgment held by Burdine against Williams and Smith, and that it had been advertised for sale, and otherwise denied plaintiff's allegations.

On trial judgment was rendered rejecting plaintiff's demands and he appeals.

The judgment for $90.66 was rendered on default under the provisions of Act No. 47 of 1922, providing for the method of procedure in district courts in cases in which the district courts have concurrent jurisdiction with justice of the peace courts, and defendant did not have any right of appeal from the judgment to this court (section 29, art. 7, Const.); and the appeal by defendant from the judgment rendered in the suit to annul the judgment presents a question relative to the jurisdiction of this court.

There are many cases in which the question of the right to appeal to the Supreme Court from a judgment rendered in an action to annul a judgment, where there was not any right to appeal to that court from the judgment sought to be annulled, has been considered; and the rule in cases where the action to annul the judgment is by a party defendant is that appellate jurisdiction of the action cannot be vested in the Supreme Court by engrafting on the action in nullity a demand for damages, contingent and dependent on the annulment of the judgment. Strain's Heirs vs. Lyons, 114 La. 646, 38 So. 483; also Cushing vs. Sambola & Ducros, 30 La. Ann. 427; Denegre vs. Moran, 36 La. Ann. 425; Marshall vs. Holmes, 39 La. Ann. 313, 1 So. 610, 612; Lhote vs. Church Extension Society, 115 La. 487, 39 So. 502.

This court being without jurisdiction to have reviewed the original judgment which is sought to be annulled, and the amount of the judgment sought to be annulled not being sufficient to vest this court with jurisdiction, we are of the opinion that the rule applicable as to the Supreme Court is applicable here, and that the claim for damages, which is obviously dependent on and incidental to the main demand for the nullity of the judgment, did not vest this court with jurisdiction of the action to annul the judgment.

It is therefore ordered that the appeal be dismissed, at appellant's cost.