## BRIGNAC v. BULLER & FONTENOT. *
### No. 1257.

Court of Appeal of Louisiana. First Circuit.
Dec. 4, 1933.

J. H. Dore, of Ville Platte, for appellants.
A. M. Guilbeau, of Opelousas, for appellee.

ELLIOTT, Judge.

George Brignac substantially and in effect alleges in a suit filed by him against Buller & Fontenot in the district court of the parish of Evangeline that some time prior to April 29, 1927, Buller & Fontenot presented to Eraste Dupre, a justice of the peace in and for the parish of Evangeline, an open account against him for $117; that said justice of the peace, not having jurisdiction of the amount ratione materiæ, sought, with the consent of Buller & Fontenot, to invest himself with jurisdiction by splitting the amount into two suits; that the justice of the peace accordingly made one suit for $34.62, including costs, and another, at the same time, for $90.40, including costs, and subsequently rendered judgment against him on the same day in each suit, one for $34.62 and the other for $90.40; that both judgments were recorded in the Mortgage Book for the parish of Evangeline; that said judgments are both absolute nullities.

He prays that the two judgments be declared absolute nullities, and that the registry of the same, made in the Mortgage Book, be ordered canceled.

Buller & Fontenot interposed, as exceptions against Brignac's demand, that his petition disclosed no right or cause of action, and that his right and cause of action, if any existed, was barred by the prescription of one year. These exceptions were overruled, and the defendants answered, denying that they had an open account against Brignac for $117. They allege that plaintiff owed them two separate and distinct accounts, one for labor and material in repairing his automobile in amount $90.40, including costs, and for which a lien and privilege existed on his automobile in their favor, another for gas and oils furnished plaintiff previous to the injury to his automobile in an amount not stated in the answer; that the two accounts were kept separate and apart, for the reason that in one instance a lien

*Rehearing denied January 22, 1934.

438

and privilege existed in their favor, and none existed as to the other. They alleged that the justice of the peace had jurisdiction as to the two suits.

They then allege that the two judgments are nullities, that the plaintiff is a resident of the parish of Orleans, and admits in his petition that he owes them $117, which amount they urge against him in reconvention.

They pray that plaintiff's demand be rejected, but, in the event, and alternative mentioned, they pray for judgment in reconvention against him for $125.02. There are other averments in the petition and answer, but a further statement is not necessary to the understanding of the situation on which we have concluded to act.

There was judgment in favor of the plaintiff as prayed for, and defendants have appealed.

The position we take concerning the appeal renders it unnecessary for us to act on the exceptions heretofore mentioned and on an objection urged by defendants on the trial against the admission of the testimony of the plaintiff, Brignac, taken by commission.

The petition attacks two judgments rendered by the justice of the peace of the First ward of the parish of Evangeline as being absolute nullities, based on the provisions of the Code of Practice, arts. 92 and 606 (3).

The district judge, giving written reasons for his judgment, with other statements, makes the following: " * * * There can be no question but that in either event, defendants herein had an open account against plaintiff for more than $100.00. This account was presented to the Justice of the Peace and the claim divided and two judgments rendered on the same date. * * *" The record shows two separate and distinct judgments against Brignac rendered in the justice's court by the same justice of the peace on the same day immediately following each other, each for less than $100, but, combined, the two amount to considerably more than $100, interest and cost not counted. They each bear the same title, but one bears the No. 701, and the other 702. They each commence with, and contain, the same statement: "The above numbered and entitled cause, having been duly fixed for trial and duly taken up and *tried in its turn*, the

parties appearing and having been heard, and on the trial thereof, the law and the evidence being in favor of the plaintiff and against the defendant, it is therefore ordered, adjudged and decreed, etc." (Italics by this court.) There is nothing said in either about the nature of the claim nor about any lien or privilege.

Cliff or Cliffton Buller and Melvin Fontenot, members of the defendant firm, testify that the plaintiff, Brignac, owed them about $90 for work done in repairing his automobile and about $30 for gas and oil; that one of the judgments is for work done on his automobile and the other for the gasoline and oil.

■ The district court had exclusive original jurisdiction of the amount of $117, said by the plaintiff to be the amount he owed Buller & Fontenot, and concurrent jurisdiction with the justice of the peace as to the amounts claimed in each of the suits as instituted in the justice's court. Constitution of 1921, art. 7, § 35.

■■ Our jurisdiction is limited by the Constitution, art. 7, § 29, to cases appealed from the district court, in which that court has exclusive, original jurisdiction, and when the amount involved exceeds $100 in amount, not counting interest. It has been held in a number of cases that the amounts of two separate and distinct judgments cannot be combined for the purpose of making an appealable amount. "But the defendant cannot, by combining in one appeal two separate judgments, invest this court with a jurisdiction which otherwise it has not." State v. Sanders, 159 La. 956, 106 So. 455, State ex rel. Mackenzie v. Judges of Court of Appeals, 39 La. Ann. 508, 2 So. 68, Marshall v. Holmes, 39 La. Ann. 313, 1 So. 610, Stevenson v. Weber, 29 La. Ann. 105, Armitage v. Barrow, 10 La. Ann. 78, United States v. Cochrane, 5 Rob. 120, Prevost. & Wife v. Greig et al., 5 Mart. (N. S.) 87. We think, after an examination of the record, that the judgment of the district court herein is not appealable.

■ There is no motion to dismiss, but we, ex officio, notice that we have no jurisdiction ratione materiæ, and it is therefore necessary to dismiss the appeal. Appeal dismissed.