## No. 8143.

### SCHMIDT & ZEIGLER VS. A. C. BROWN AND R. STRAUSS.

This Court will take notice *ex proprio motu* of the unappealable amount of the matter in dis-pute before them, and dismiss the appeal.

APPEAL from the Tenth Judicial District Court, parish of Red River. *Logan,* J.

*J. F. Pierson* for Plaintiffs and Appellants.

*L. B. Watkins* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. Although the plaintiffs sue for $1373 81, with legal interest from judicial demand, and the question of jurisdiction be preter-

mitted by the appellees, we feel bound, *proprio motu*, to notice and determine that this case, now before us on its merits, is not appealable.

The amount sued for is made up of several items: a capital sum of $637 57, interest, $79 74; costs, $332; and attorneys fees, $325; total, $1373 81.

To ascertain the nature of the demand, it is necessary to understand the facts from which it originates.

The plaintiffs, Schmidt & Zeigler, obtained a judgment against James Crow for $637 57, with interest and costs. They issued and levied a *fi. fa.* on real and movable property belonging to the defendant.

Availing himself of the privilege accorded him by law, R. S. 3411, the latter released that property from seizure on furnishing a forthcoming bond for $1500, with the defendants in this suit as sureties therein.

Prior to the day of sale, the defendant obtained an injunction, and prior to trial he made a surrender of his assets to his creditors, which was accepted by the court.

The plaintiffs then brought this action against the sureties on the delivery bond, claiming from them the amount of their judgment, $637 57, with interest and costs, adding thereto an item of $325 for attorney's fees, for services in the injunction suit and in the present action.

It is evident that the item for attorney's fees is one for which, under no circumstance, the defendants in this case can be liable. They are sureties on the delivery bond and not on the injunction bond. Their liability cannot be extended beyond the production of the bonded property and in default to the payment of the judgment creditor. Besides, the plaintiffs in their brief, formally say that they do not insist on that item here. They restrict their demand to $1013, to which they say that they are entitled. Eliminating from the bill this fictitious item, the balance claimed is $1048 81. It is composed of three items: the capital, $637 57; the interest, $79 74; the costs, $331 50; total, $1048 81.

Had the injunction obtained by the defendant been passed upon, either maintained or dissolved, neither party could have appealed from the judgment rendered to this Court, for the plain reason that the amount in dispute would have been that claimed in the petition and awarded by the judgment, viz: $637 57, *exclusive* of interest. 30 An. 427; 15 An. 292.

Under the Constitution, the jurisdiction of this Court attaches only to cases in which the matter in dispute exceeds one thousand dollars, *exclusive* of interest, Art. 81; which means the *capital* of the sum claimed, which can bear interest.

If, therefore, the item of $79 74 for interest, which forms part of the

27

remaining balance of $1048 81, be stricken therefrom, that balance would be reduced to $969 07, composed of the capital claimed, $637 57, and of the costs of suit added, $331 50. We do not propose to consider whether the item of costs is one chargeable, so as to make the case an appealable one. It is sufficient that, by dropping from the itemized bill the charges for fees and interest, it be reduced to a figure below that fixed by the organic law, as the initial point for the exercise of our appellate powers.

The liability of the sureties in this case is to be measured by that of the principal. They cannot be bound under more onerous conditions.

The obligation of the principal on the bond was to produce the property on the day of sale. The sureties bound themselves *in solido* with him for such production. The bond provides for no penalty. The law under which it was taken is silent on the subject. The penalty, however, must exist, but it is subject to legal inference. Under the jurisprudence as settled, it is that, in default of the delivery, the sureties are bound, not for the value of the property, but for the amount of the judgment, provided it does not exceed the value of the property. R. C. C. 3037; 2 An. 160; 4 An. 372; 7 An. 571; 13 An. 342; 28 An. 643.

The amount of the judgment in this case would be $637 57, with interest and costs. Had the plaintiffs obtained a certificate of forfeiture from the sheriff and produced it to the clerk, they could have obtained from that officer, against the sureties, a writ for *no more* than the amount due them, as awarded by the judgment against Crow. Had the sureties enjoined the execution, and had the injunction been dissolved, or perpetuated, neither the plaintiffs nor the defendants could have appealed from the judgment, for the plain reason that the amount in dispute, *exclusive of interest,* would have been a capital of only $637 57; 32 An. 929. We could allow no interest on interest where the interest is not clearly capitalized.

The rulings in 28 An. 110, and No. 4486, N. R., have no application to this case. They were made while the Constitution of 1868 was in force, and under a jurisprudence which allowed the cumulation of interest with the capital, up to the date of institution of suit, to test the question of appellate jurisdiction. 21 An. 155; 22 An. 25, 111; 24 An. 118; 20 An. 565; 32 An. 48; 5 R. 90; 2 An. 793; 32 An. 929.

It is, therefore, ordered that the appeal in this case be dismissed at appellants' costs.

---

### DISSENTING OPINION.

FENNER, J. I am unable to discover the necessity or propriety of discussing the appealable character of a judgment which is not before us on appeal.

The action before us is brought upon a bond and sounds in damages. Its appealable character is determined by the amount seriously, and not fictitiously, demanded as damages. The judgment in the suit, in proceedings upon which the bond was given, is referred to only as an element in fixing the measure of damages; and if the damages claimed in this suit exceed $1000, that makes it appealable, irrespective of the elements of which such damages are composed.

I must, therefore, dissent from the opinion and decree herein.