Denegre vs. Moran.

## No. 8982.

### HENRY DENEGRE vs. P. S. MORAN.

36 423
e114 651
36 423
115 489

An appeal will not be dismissed where the transcript, in an injunction suit, contains all the proceedings had and all the documents filed therein, and the judgment appealed from is one sustaining peremptory exceptions.

If it was irregular to file the petition for an injunction, under the number and title of the case in which the judgment enjoined was rendered, the defendant in injunction should have excepted below. Not having done so there, he cannot object in this Court.

In the absence of any charge and proof, that a transcript is incomplete by the fault of the appellant and where it does not itself appear to be deficient and where the clerk's certificate is in proper form and the record is such that the court can pass upon the case, the appeal will not be dismissed.

The Supreme Court has no jurisdiction over a suit in nullity, to annul a judgment rendered in a case in which the amount in dispute is less than one thousand dollars. It is immaterial what the grounds of nullity be. A claim in damages for a larger amount does not give jurisdiction to annul the judgment.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor J.*

*Bayne & Denegre* for Plaintiff and Appellee.

*Gibson, Hall & Montgomery* for Defendant and Appellant.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The appellee moves the dismissal of this appeal, on the grounds:

1. That it was taken from a judgment in *one* case, and that the transcript filed here, is that of *another* case; and

2. Further, *that* the clerk does not certify the transcript as containing all the proceedings had, etc., in the case in which the appeal was asked and granted.

The appeal is taken from a judgment dissolving an injunction obtained to arrest the execution of a money judgment and to annul that same judgment.   The motion and the bond of appeal describe the judgment appealed from, as rendered on April 10, 1883, and signed on May 5, following, in case No. 8087 of the Civil District Court.   That judgment is in the transcript.

When the petition for an injunction was filed below, it was not docketed under a distinct number or given a different title.   It was filed in the record in which the money judgment was rendered, under the number and the title of the case, 8081.   No exception was made in the lower court to that course, if objectionable, on the contrary, the de-

fenses set up were filed under the number and title of the main suit. It is too late to urge such objections, at present, in this Court.

The motion and the bond of appeal are very precise in describing the judgment appealed from. It is not pretended that there are two judgments answering that description in the case bearing No. 8081. The motion and the bond cannot, therefore, be attacked on the ground of vagueness.

The transcript before the court begins with the petition for an injunction. It continues with the exceptions, the minute entries, the judgment, a motion for a new trial, the motion and bond of appeal, and concludes with a certificate of the clerk that it is a true, correct and complete transcript of all the proceedings had, etc., in the *injunction suit*, in this (the lower) court, and now in the records thereof under No. 8081.

It is, therefore, evident that the transcript before this Court, is that of the case in which the judgment rendered and appealed from was rendered, and that the clerk's certificate is such as it should be. It could not correctly be otherwise.

The appellee does not charge that the transcript is defective by the fault of the appellant, and does not specify in what particulars it is incomplete.

On its face, it appears to be such as the law requires, and such as will enable the court to pass on the peremptory exceptions filed, and sustained, and under which it does not appear that any evidence was offered.

It is, therefore, ordered that the motion to dismiss be overruled.

---

### ON THE MERITS.

This is an action by the original defendant for the nullity of the judgment rendered against him, the execution of which he has arrested by an injunction.

The grounds relied upon are that, that judgment was rendered for $1049 73, when the amount in dispute was $927 only.

That the judgment thus rendered was signed on the third judicial day following its rendition.

The plaintiff in injunction alleged damages, sustained by him, amounting to $1100.

Exceptions were filed to the petition for an injunction on the following grounds:

No cause of action, *res judicata* and prescription.

The exceptions were fixed for trial and a rule to dismiss assigned for the same day.

There .was judgment dissolving the injunction without damages. From that judgment, Moran appeals.

The lower court did not pass, nor could it, on the claim in damages, so that this matter is not now before us.

In the suit, between the same parties, 35 A. 346, this Court *proprio motu* dismissed the appeal from the judgment now sought to be annulled, for want of jurisdiction.

If this court has no right on appeal to revise the judgment for that reason, it passes strange that its power should be invoked to annul it.

It can no more annul it than it could one rendered by a justice of the peace.

The attempt to engraft on the suit in nullity, a claim for eleven hundred dollars damages, founded or not, cannot produce the effect of giving to this Court a jurisdiction to annul the judgment which it would not otherwise possess. H. D. p. 20, No. 8; L. D. p. 14, No. 1; p. 15, No. 16; 33 A. 1072, 1085.

It is immaterial on what grounds the nullity is asked. It suffices that the Court be called upon to annul a judgment in an unappealable case.

It is, therefore, ordered and decreed that the appeal herein be dismissed, with costs.