(114 So. 647)

No. 26349.

## HARPER v. SID SIMMONS DRILLING CO., Inc., et al.

May 23, 1927.  On Rehearing, Oct. 31, 1927.

*(Syllabus by Editorial Staff.)*

1. **Judgment** ⬉682(2)—**Judgment recognizing plaintiff as owner of rig is res judicata in subsequent suit by plaintiff's purchaser against defendant's purchasers for rent of rig.**

Judgment of district court decreeing that plaintiff is owner of undivided one-half interest in drilling rig is immune from collateral attack, and has effect of res judicata in subsequent action by purchaser from plaintiff against purchaser from defendant and his subpurchaser for rent of interest in rig; parties in latter suit being ayant cause of parties in former suit.

2. **Sales** ⬉13—**Sale of interest in drilling rig not belonging to vendor held void; purchaser acquiring only interest of vendor (Civ. Code, art. 2452).**

Under Civ. Code, art. 2452, providing that selling of thing belonging to another is null, sale of interest in drilling rig belonging to another was void, and purchaser could acquire only interest owned by seller.

3. **Bailment** ⬉34—**In suit for rent of drilling rig, judgment condemning defendant's warrantor for rent while possessed by defendant was error.**

In suit by plaintiff to be recognized as owner, for possession and rent of undivided one-half interest in drilling rig which was possessed and used by defendant, judgment condemning defendant's warrantor, from whom defendant purchased rig, for rent, was error, since warrantor derived no benefit from use.

### On Rehearing.

4. **Judgment** ⬉255—**In suit for rent of drilling rig possessed in good faith by defendant, neither pleadings nor evidence supported demand for rent after judicial demand (Civ. Code, art. 3453).**

In suit to recover rent for one-half undivided interest in drilling rig alleged to be owned by plaintiff and admitted to be possessed in good faith by defendant from certain date from which date rent was demanded, neither pleadings nor evidence justified or supported demand for rent of rig after judicial demand required by Civ. Code, art. 3453, and hence decree for rent not based on rent proved to be due after judicial demand was unauthorized.

5. **Appeal and error** ⬉835(2)—**Contention that plaintiff cannot recover for rental of rig accruing before judicial demand may be raised for first time on rehearing (Civ. Code, art. 3453).**

In suit to recover rent for drilling rig, contention that plaintiff cannot recover for rental of rig accruing before judicial demand under Civ. Code, art. 3453, may be maintained, though not raised on original hearing of case and urged for first time on rehearing.

6. **Bailment** ⬉34—**In suit for rent for drilling rig not legally due, plaintiff's right to recover rentals accruing after judicial demand should be expressly reserved (Code Prac. art. 156).**

In suit for recovery of rental of drilling rig involving demand for rent accruing before date of judicial demand did not present case in which plaintiff demanded less than amount legally due. under Code Prac. art. 156, but presented case in which plaintiff has demanded something not due him under law, and hence right of plaintiff to recover rentals accruing after judicial demand should be expressly reserved.

Appeal from Sixth Judicial District Court, Parish of Ouachita; Fred M. Odom, Judge.

Action by W. H. Harper against the Sid Simmons Drilling Company and another, warrantor. Decree for plaintiff, and defendant and warrantor appeal. Amended, and, as amended, affirmed. .

Stubbs & Thompson, of Monroe, for appellants.

Percy Sandel and McHenry, Montgomery, Lamkin & Lamkin, all of Monroe, for appellee.

ROGERS, J.  Plaintiff brought this suit to be recognized as owner, for possession and for rent of an undivided one-half interest in a certain drilling rig and appurtenances. Defendant called the Citizens' Bank of Haynesville, its vendor, in warranty. The court below recognized plaintiff as owner of the interest claimed, and condemned defendant to pay him $3,500 as rent for seven months' use of

the property. It further condemned the warrantor to refund to defendant one-half of the purchase price, and to pay the $3,500 awarded against it as rent. Defendant and its warrantor have appealed.

On July 2, 1921, in the suit of E. O. Harper v. Trinity Drilling Company of Texas, the First judicial district court for the parish of Caddo rendered a judgment recognizing the plaintiff in that suit as the owner of an undivided one-half interest in the drilling rig in question. On May 15, 1922, E. O. Harper sold this undivided one-half interest to the plaintiff herein.

Defendant purchased the drilling rig from the Citizens' Bank of Haynesville in the latter part of August, 1921. The bank had acquired it from the Trinity Drilling Company of Texas in the early part of the same month.

On the trial of the case, defendant offered to prove that E. O. Harper never owned the undivided one-half interest which he sold to plaintiff. This was objected to by plaintiff, on the ground that the judgment of the district court of the parish of Caddo is conclusive, and that said judgment is not subject to a collateral attack. The objection was sustained. We think the ruling was correct.

[1] The judgment of the district court for the parish of Caddo, decreeing E. O. Harper to be the owner of an undivided one-half interest in the drilling rig is not only immune from collateral attack, but it has the force and effect of res judicata in this case. The Citizens' Bank of Haynesville was the ayant cause of the Trinity Drilling Company, and the defendant here, Sid Simmons Drilling Company, is the ayant cause of the bank, and so is the plaintiff here, W. H. Harper, the ayant cause of E. O. Harper. The parties to this suit are · therefore as thoroughly bound by the judgment that was rendered in suit of E. O. Harper v. Trinity Drilling Company as if they had been parties to that suit.

[2] The selling of a thing belonging to another person is null. Civ. Code, art. 2452. Hence the sale by the Trinity Drilling Company of the undivided one-half interest in the drilling rig belonging to E. O. Harper was void. The sale of the undivided one-half interest which it owned was valid. And, since the bank could not sell more than it had acquired, the defendant here obtained, by its purchase, only an undivided one-half interest in the property.

[3] But we think the court below erred in condemning the warrantor for the rent of the drilling rig. During the period for which the allowance was made, the property was possessed and used by the defendant. The warrantor derived no benefit whatsoever from such use. The defendant, therefore, and not the warrantor, should be cast for the rent.

For the reasons assigned, the judgment appealed from is set aside in so far as it condemns the appellant Citizens' Bank of Haynesville, as warrantor, to pay defendant the Sid Simmons Drilling Company, Inc., $3,500 for seven months' rent of the property described in plaintiff's petition, and as thus amended the said judgment is affirmed; costs of this appeal to be paid by appellant Sid Simmons Drilling Company, Inc.

THOMPSON, J., recused.

On Rehearing.

LAND, J. A rehearing was granted in this case only on the question as to whether defendant is liable for rent of the drilling rig before judicial demand.

Plaintiff admits in his brief on rehearing that defendant was a possessor in good faith of the drilling rig in question.

It is expressly provided in article 3453 of the Civil Code that a possessor in good faith owes rents and revenues only from judicial demand. See, also, Blair v. Dwyer, 110 La. 333, 34 So. 464.

[4] The question for decision then is, Has plaintiff alleged a demand for rents after judicial demand? If not, have the pleadings been enlarged by the evidence so as to include such a demand?

It is alleged, in article 3 of the petition filed in this case:

"Petitioner further shows that the said Simmons Drilling Company, Inc., has been in the illegal possession of your petitioner's interest in said hereinabove described property since *the 4th day of August, 1921,* and that petitioner's interest in said property is well worth the sum of five hundred ($500.00) dollars per month, and that petitioner is entitled to recover the said five hundred ($500.00) dollars *per month* from the said Simmons Drilling Company, Inc., as rent and damages for the illegal detention of your petitioner's interest in said property, and that the said Sid Simmons Drilling Company, Inc., has been constantly using said property since its illegal possession of the same in their drilling operations." (Italics ours.)

The pertinent part of the prayer of the petition is as follows:

"Petitioner further prays that upon trial hereof he be recognized as the true, legal and bona fide owner of the undivided one-half (½) interest in and to the above-described property and entitled to be placed in possession thereof, and that he have full judgment against said Sid Simmons Drilling Company, Inc., for the full sum of *seven thousand five hundred dollars,* as rent for the use of said petitioner's interest in said property." (Italics ours.)

It is to be observed that petitioner does not sue for $7,500 in globo as the amount of rent accruing after judicial demand, but his demand is for the specific sum of $500 per month from a specified date, August 4, 1921. As petitioner prays for the sum of $7,500, his demand is necessarily for rent for 15 consecutive months from August 4, 1921, at the rate of $500 per month.

None of the witnesses fix the exact date of sale of the rig by the Citizens' Bank of Haynesville to the defendant, the Sid Simmons Drilling Company. The vice president of the Citizens' Bank testified that the bank acquired the rig from the Trinity Drilling Company about August 1, 1921, and made the sale to defendant company about *the last* of August, 1921.

It appears also from the testimony in the record that the rig was located on a vacant lot in Haynesville at the time of the sale and could not be put into immediate operation. Additional equipment amounting to $3,500 had to be purchased. This, of course, necessitated delay. For these reasons plaintiff has claimed rental for 15 consecutive months only, instead of 16 months and 23 days, which would have elapsed from August 4, 1921, the beginning of the period of defendant's alleged illegal possession of the rig to the date of judicial demand, December 27, 1922.

The judgment in the case was rendered October 27, 1923, or *ten* months after judicial demand. It was adjudged and decreed:

"That plaintiff do have and recover judgment against said defendant in the sum of three thousand and five hundred ($3,500) dollars for rent on said property described in said petition for a period of *seven months.*"

As plaintiff claimed a half interest in the drilling rig in question and in its monthly rental, it is clear, from the following testimony, that the trial judge allowed $1,000 per month for 7 months as the basis of the judgment rendered in the case:

"By the Court. Q. You know this Sid Simmons drilling rig about which this controversy is taking place?
"A. Yes, sir.
"Q. What do you think it is worth per month?
"A. Judge, that depends on how bad a fellow needs a rig. I would not want to rent one of mine for less than a thousand or fifteen hundred dollars a month.
"Q. As a commercial proposition, how much is a drilling rig like that worth?
"A. I think about a thousand dollars a month.
"By the Court: All right."

The only definite testimony in the record as to the number of months the rig was used by defendant company is that given by E. N. Florsheim, secretary treasurer and manager

of defendant company, who testified as follows:

"Q. What date did the Sid Simmons Drilling Company acquire the rig described in plaintiff's petition from the Citizens' Bank of Haynesville?

"A. *Some time* in August, 1921.

"Q. State whether or not the Sid Simmons Drilling Company has been constantly using this property since it acquired it?

"A. Used it *at Haynesville about 6 months,* at Arcadia, and moved it here.

"Q. Your company engaged in drilling wells in this parish?

"A. Yes, sir." (Italics ours.)

There is no testimony in the record to show that this particular rig was operated any specified number of months beyond 6 months. The operation during the first 6 months was confined to the Haynesville oil district, and was conducted shortly after the purchase of the rig by defendant, and before judicial demand. There is no testimony before us to establish definitely the date when the rig was moved to Arcadia in Bienville parish or to the parish of Ouachita. Nor do we find any testimony as to any specified number of months the rig was operated in either territory. The evidence shows that rigs cannot be operated continuously, but are subject to delays in operation for repairs and for the addition of new parts. This evidence is too vague and indefinite to have had the effect of enlarging the pleadings.

It is clear, therefore, that the judgment in the case was not based upon any rental proven to have been due after judicial demand. Had the judgment been given for rent at $1,000 per month during the 10 months immediately following judicial demand, it would have been for $5,000, instead of $3,500, as far as plaintiff's half interest in the rental is concerned.

We are satisfied, from the case as a whole, that neither the pleadings nor the evidence justify or support a demand for rent of the rig after judicial demand.

[5] This issue, it is true, was not raised on the original hearing of the case, but has been urged for the first time on rehearing. However belated it may be, the contention that plaintiff cannot recover for rental of the rig accruing before judicial demand is well taken and must be maintained.

[6] This, however, is not a case in which plaintiff has demanded less than the amount legally due him. Therefore he has remitted no part of his claim. C. P. art. 156.

On the contrary, it is a case in which plaintiff has demanded something that is not due him at all under the law. We see no good reason, therefore, why the right of plaintiff to recover in an appropriate action should not be reserved.

It is ordered, therefore, that our original decree be so amended as to reject plaintiff's demand for the rentals claimed herein and accruing before the date of judicial demand, to wit, December 27, 1922, and that plaintiff's right to recover hereafter all rentals for rig, which may have accrued after judicial demand, be expressly reserved.

It is further ordered that our original decree be further amended by condemning plaintiff, appellee, to pay all costs of appeal and of the lower court.

It is now ordered that our original decree, as amended, be reinstated and made the final judgment of this court.

THOMPSON, J., recused.