No. 3755

Second Circuit

THE SOWERS CO. v. MELTON

(July 5, 1930. Opinion and Decree.)
(July 31, 1930. Rehearing Refused.)

Eugene Beck, of Winnfield, attorney for plaintiff, appellee.

Cas Moss, of Winnfield, attorney for defendant, appellant.

WEBB, J. The Sowers Company obtained judgment against Charley Melton on April 10, 1926, for $88.90, with legal interest thereon from March 1, 1925, until paid, and all costs of suit.

On September 28, 1929, a writ of fi. fa. was issued for the amount of the judgment,

interest, and costs of $15.50, under which the sheriff seized an automobile belonging to Melton, and he brought the present suit.

Plaintiff alleged the facts above stated, and that he had paid the judgment sought to be executed in September, 1926; that defendant had given him an order to the clerk of the court to cancel judgment, and that he (plaintiff) had neglected to have it canceled; that he had sustained damages to the extent of $150 by the seizure of the property; and that, in order to conserve his rights, it was necessary that the defendant, the Sowers Company, and the sheriff be enjoined from selling the property.

And he prayed that a rule nisi issue to the defendants to show cause why a preliminary writ of injunction should not issue, for the issuance of a restraining order pending hearing on the rule, and for the issuance of a preliminary writ of injunction, and, on final trial, for judgment against the defendant, the Sower Company, decreeing the judgment sought to be enforced to have been paid, and ordering the same canceled, and perpetuating the preliminary injunction, and for general relief.

A rule nisi and a restraining order were issued, and the defendants, after excepting to the rule, on grounds not necessary to be mentioned, answered denying that the judgment sought to be executed had been paid, and prayed that the restraining order be recalled, the rule discharged, and the injunction refused, and for damages against plaintiff for attorney's fees.

On trial of the rule, evidence was introduced relative to whether the judgment had been paid, and judgment was rendered recalling the restraining order, discharging the rule, and refusing to enjoin the sale of the property; and plaintiff appeals.

Defendant moved to dismiss the appeal, on the ground that this court was without jurisdiction.

It is conceded that where the jurisdiction of this court is dependent solely upon the amount involved it has jurisdiction where that amount is in excess of $100, exclusive of interest, and does not exceed $2,000, exclusive of interest (sections 29 and 10, art. 7, Const. 1921), and that, if either the amount of damages alleged to have been sustained by plaintiff, or the amount to be collected under the writ of fi. fa., which includes the principal sum of $88.90, interest thereon, and costs of suit, may be considered in fixing the amount involved, this court has jurisdiction.

But appellee urges that plaintiff· did not pray for judgment for any damages, and, eliminating any question of damages, the demand is to have the judgment decreed to have been paid, and to enjoin the execution; and appellee contends that, in such an action, neither the interest due on the principal sum of the judgment, nor the costs of suit, can be considered in determining the jurisdiction of the court, but that the principal sum of the judgment alone may be considered.

In the absence of a prayer for judgment for damages, we do not think the allegation that damages had been sustained of an amount within the jurisdiction of the court may be considered in fixing the amount involved or the jurisdiction; and, eliminating any question of damages, and passing any question which might have been presented had plaintiff prayed for judgment for damages, the demand is to have the judgment decreed to have been paid and to restrain the execution, and the question presented is whether or not either the interest due on the principal sum of the judgment or the costs of suit may be added to the principal sum of the judgment in determining the jurisdiction of the court.

We gather from the argument that the position of the appellee is based upon the theory that the action to have a judgment decreed to have been paid and to restrain the execution is an incidental or supplementary proceeding to the suit in which the judgment sought to be executed was rendered, and that an appeal from the judgment rendered in the incidental proceeding must be to the court which would have had jurisdiction of an appeal from the judgment in the principal action, and that, where the judgment sought to be executed was final, and the defendant had no right of appeal therefrom, as is conceded to have been the case in respect of the judgment sought to be executed, there could not be any right of appeal from the judgment rendered in the incidental proceeding.

There is not any decision cited in which it has been stated that an action to have a judgment decreed to have been paid, and to restrain the execution, is a proceeding incidental to that in which the judgment was rendered, such as would be the case where the matter relates solely to the execution of the judgment. Klein v. Wild, 12 La. Ann. 87. But there are a number of cases in which it has been held that, where the judgment debtor seeks to enjoin the execution of a judgment on the ground that it is invalid, an appeal from the judgment rendered in such a proceeding could not be taken to the Supreme Court if it was not vested with appellate jurisdiction of the judgment the execution of which was sought to be enjoined, even though the plaintiff in such action alleged and prayed for damages in an amount within the jurisdiction of that court. Cushing v. Sambola & Ducros, 30 La. Ann. 426; Denegre v. Moran, 36 La. Ann. 423; also Marshall v. Holmes, 39 La. Ann. 313, 1 So. 610; Strain's Heirs v. Lyons, 114 La. 646, 38 So. 483. And, as we gather from the deci-

sions cited, the basis of the ruling was that, under the laws and jurisprudence of this state, the action of nullity, and to restrain the execution of a judgment, being vested in the court that rendered the judgment and issued execution thereon (articles 608, 610, 617, 619, Code Prac.; Arthurs v. Villere, Sheriff, 43 La. Ann. 414, 9 So. 126; and authorities cited; Schmidt & Zeigler v. Brown, 33 La. Ann. 416), all such actions must, at least as to jurisdictional matters, be regarded as incidental to the original proceeding in which the judgment was rendered under which execution was issued.

There is, of course, quite a distinction between an action by a party defendant to a judgment to annul the judgment and, as an incident, to restrain the execution, and an action to have the judgment decreed to have been paid and, as an incident, to restrain the execution of the judgment, and there may be reasons why the former should be regarded as an incident of the original proceeding while the latter should not, or vice versa; but in either case the court in which the judgment was rendered would have original jurisdiction, and we think the decisions cited are applicable here, and that the present action must be regarded as an incident of the original proceeding, and the amount involved or jurisdiction of the court must be determined by the principal sum of the judgment the execution of which was sought to be enjoined, and not, as suggested by appellant, by the value of the property seized under the fi. fa. Lhote & Co. v. Church Extension Society, 115 La. 487, 39 So. 502, and authorities cited.

The demand in the original action was for $88.90, with interest, and costs; and, as stated, the defendant in execution, plaintiff here, did not have any right of appeal from the judgment, even though the

interest. due on the claim at the time of the suit, if added to the principal, or the costs of suit, if added to the principal, would have exceeded $100 (Wilkins v. Gantt, 32 La. Ann. 929), as the demand for interest and costs of suit, and the allowance thereof, was merely incidental to the principal demand (Nugent v. Delhomme, 2 Mart. (O. S.) 307; Saul v. His Creditors, 5 Mart. (N. S.) 569, 16 Am. Dec. 212); and we do not think that either the interest or the costs may be considered, or added to the principal sum of the judgment whose execution is sought to be enjoined, so as to vest this court with jurisdiction.

It has been expressly decided that the interest could not be considered (Schmidt & Zeigler v. Brown, supra), and in Arthurs v. Villere, Sheriff, supra, it was said, in substance, that the law vesting exclusive original jurisdiction of an action to annul, or to enforce execution of, a judgment in the court which rendered the judgment, was for the purpose of avoiding conflict between courts, and, had the original suit been instituted before a justice of the peace's court, which had concurrent jurisdiction with the district court which rendered the judgment sought to be enjoined, it would not be contended that the justice of the peace's court lost control or jurisdiction if the amount of the costs of the suit added to the principal of the judgment exceeded the maximum limit of that court's jurisdiction, or that the district court could have enjoined the execution of the judgment of the justice of the peace court on the theory that the amount involved was within the exclusive original jurisdiction of the district court.

We are of the opinion that the motion to dismiss the appeal should be sustained, and it is therefore ordered that the appeal be dismissed, at appellant's cost.