*36
 
 ODOM, J.
 

 Plaintiffs bring this suit to recwer judgment for $4,600 against the Sid Simmons Drilling Company, Inc., and the United States Fidelity & ^Guaranty Company on a suspensive appeal bond under circumstances fully set out in the petition and documents attached. Defendants excepted to the petition on the ground that it set out no right and no cause of action against them. These exceptions were sustained by the court, and plaintiffs appealed.
 

 Plaintiffs allege that in the year 1923 W. H. I-Iarper, one of the plaintiffs in the present suit, obtained judgment against the Sid Simmons Drilling Company, Inc., in a suit styled “W. H. Harper vs. Sid Simmons Drilling Company,” recognizing him to be the owner of an undivided one half interest in a certain drilling rig, which was seized and taken into possession by the sheriff under a writ of sequestration issued in said suit as shown by the sheriff’s return on said writ; that the defendant Sid Simmons Drilling Company applied for and was granted a suspensive appeal from said judgment and executed a suspensive appeal bond with the United States Fidelity & Guaranty Company as surety in the sum of $12,000, the conditions of said appeal bond being that, ‘‘if the said Sid Simmons Drilling Company, Inc., shall well and truly prosecute said appeal with effect, and shall satisfy whatever judgment may be returned against it, or that the same shall be satisfied out of the proceeds of the sale of its estate, real or personal, if it be cast in said appeal, then this obligation to be null and void, otherwise to be and remain in full force and effect against the principal and surety”; that said Harper obtained final'judgment (on ap-, peal) in . October, 1927, recognizing him as owner of said property; that plaintiffs have made repeated demands on the sheriff of Ouachita parish to place them in possession of the property, but that the sheriff is unable to do so for the reason that said property ‘‘has been completely and totally wrecked and destroyed and is not in the same condition as it was at the time said judgment was rendered by the trial court in Harper’s favor, and the suspensive appeal bond executed by said defendants.”
 

 They further allege that they have made demand on the Sid Simmons Drilling Company, Inc., and the United States Fidelity & Guaranty Company, surety on the bond, to place them in possession of the property, but that they have not done so for the alleged reason that it has been lost or destroyed; and further allege that their one-half interest in the property was worth $4,600 at the time the judgment was rendered and the bond executed; and that they have made amicable demand on the defendant and its surety to satisfy the judgment without avail, and they pray for judgment against them in solido for $4,600.
 

 A reading of plaintiffs’ petition and the documents made part thereof discloses that in the year 1923 a controversy arose between W. H. Harper, who is one of the plaintiffs here, and the Sid Simmons Drilling Company, Inc., over the ownership of an undivided one-half interest in a drilling rig. Harper brought suit alleging that he owned the property, and that the Sid Simmons Drilling Company, Inc., was then and had been for approximately two years in the illegal possession thereof and making use of it. He further alleged that he feared and had good reason to fear that the defendeant would conceal or dispose of the property during the pendency of the suit, and that it should be sequestered. He prayed that a writ of sequestration issue, that he. have judgment decreeing him to be the owner of the property and for a money
 
 *38
 
 judgment in the sum of $7,500 for rent on the property during the time it was in the hands of defendant.
 

 The writ of sequestration issued as prayed for, and the sheriff forthwith seized the property and took it out of the hands of defendant. The ease was tried, and on October 27; 1023, there was judgment in favor of plaintiff, recognizing him to be the owner of an undivided one-half interest in the property .and further decreeing “that plaintiff do have and recover judgment against said defendant in the sum of three thousand five hundred ($3,500.00) dollars for rent of said property,” and “it is further ordered, adjudged and decreed that the writ of sequestration herein issued be maintained in all its parts;
 
 and the sheriff of the Parish of Ouachita,
 
 State of Louisiana, be ordered to place plaintiff in possession of the property herein decreed to belong to him.” (Italics ours.)
 

 From this judgment defendant the Sid Simmons Drilling Company appealed suspensively and gave bond for $12,000, with the United States Fidelity & Guaranty Company, as surety, in accordance with article 579 of the Code of Practice, the condition of the bond being'“that it is given as surety that the appellant shall prosecute his appeal, and that he shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of the sale of his estate, real or personal, if he be cast in his appeal.”
 

 On appeal to this court the judgment was affirmed, in so far as it recognized W. H. Harper as the owner of the property and ordered the sheriff to deliver possession thereof to him, but reversed in so far as it decreed plaintiff entitled to recover $3,500. Harper v. Sid Simmons Drilling Co., 164 La. 767, 114 So. 647.
 

 It therefore appears that the appellant successfully prosecuted his appeal, in so far as the money judgment against it was concerned, for it succeeded in having that part of it reversed, so that its obligation and that of its surety on the bond was discharged to that 'extent. But defendant was not successful on appeal in having the judgment sot aside in so far as it recognized plaintiff to be the owner of. the property and ordered the sheriff to deliver it into his hands.
 

 The appellant Sid Simmons Drilling Company, Inc., and its surety on the suspensive appeal bond bound and obligated themselves to satisfy whatever final judgment might be rendered against the appellant on appeal. To this extent and no further were they bound. On appeal it was decreed that appellant owed plaintiff nothing for rent of the machinery. There was therefore no money judgment to satisfy.
 

 The remaining portion, of the judgment appealed from recognized the plaintiff appellee as the owner of the property in controversy and entitled to possession of it, and, inasmuch as the property was then in the hands of the sheriff by order of the court, having been sequestered at the instance of plaintiff, the court ordered that “the sheriff of the Parish of Ouachita, State of Louisiana, be ordered to place plaintiff in possession of the property herein decreed to belong to him”’
 

 It is plaintiff’s contention that the Sid Simmons Drilling Company, Inc., and its surety are bound under the conditions of the bond to deliver this property to plaintiff or account for its value, which is alleged to be $4,600, the amount claimed in the present suit.
 

 This contention is not well founded either in law or reason. At the moment the suspensive appeal bond was executed, the Sid Sim
 
 *40
 
 mons Drilling Company, Inc., was not in possession of the property. The property had been legally and physically taken out of its hands by order of the court at the instance of Harper, its adversary, and placed in the hands of the sheriff. The sheriff was ordered by the court to take it into his possession and to keep it until after the decision of the suit, “in order that it be delivered to him who shall be adjudged entitled to have the property or possession of that thing.” (Code of Practice, art. 269).
 

 The defendant did not have the seizure set aside by executing his obligation in favor of the sheriff as he might have done under article 279 of the Code of Practice, but let the property remain in the hands of the sheriff. The plaintiff himself had caused the court to oust the property from defendant. So that tires court, when it finally determined that the plaintiff owned it, ordered the sheriff, not the defendant, to deliver it to plaintiff. The court did not and could not order defendant to deliver the property for the palpable reason that defendant did not then have it in possession. The order to deliver the property was directed to the sheriff, not to the defendant. There was therefore no judgment against the appellant, in so far ás a delivery of or responsibility for the property was concerned, for it and its surety to satisfy. It follows, therefore, necessarily that plaintiff has no right or cause of action against the Sid Simmons Drilling Company and its surety to recover the property or its value.
 

 If this were a suit on a forthcoming or release bond, a different situation would be presented. The conditions of such bond, when the property sequestered consists of movables, is that defendant “shall not send away the same out of the jurisdiction of the court; that he shall not make an improper use of them; and that he will faithfully present them, after definitive judgment, in case he should be decreed to restore the same to the plaintiff.” Code of Practice, art. 280.
 

 But it has been held that a penalty is implied in such bond, which is that, in default of delivery, the sureties are bound for the amount of the judgment, provided it does not exceed the value of the property. Schmidt & Zeigler v. Brown & Strauss, 33 La. Ann. 416, and eases there cited.
 

 Learned counsel for appellant have filed an exhaustive brief, citing innumerable decisions of this court. We have read the brief with much interest, as well as many of the cases cited. The cases are not in point.
 

 Counsel make this statement in their brief: “An obligation is no less an obligation because it is an obligation to do something instead of an obligation to pay money.” That is true, of course, and, if the Sid Simmons Drilling Company and its surety had' assumed the obligation of delivering the drilling rig to plaintiff at the end of the lawsuit, we should unreservedly hold that they must now do so or account for its value, but they assumed no such obligation. Under the precise letter of the judgment the sheriff, who had possession of the property, was ordered to deliver it to plaintiff.
 

 The judgment appealed from is correct, and is accordingly affirmed, with all costs.