## Succession of BRENAN.

### No. 1233.

Court of Appeal of Louisiana. First Circuit. Oct. 5, 1933.

A. J. Finney, of Covington, for appellant.

L. W. McDougall and B. M. Miller, both of Covington, for appellee.

LE BLANC, Judge.

This is a proceeding by rule which involves a controversy between the sheriff of St. Tammany parish, acting in his capacity as ex officio inheritance tax collector, and Lindsay McDougall, testamentary executor of the last will and testament of the decedent, Mrs. Mathilda H. Brenan.

The testamentary executor submitted, in his petition for the rule against the tax collector, a statement under which it would appear that the total amount of inheritance tax to be paid by the estate or by the legatees under the decedent's will was $31.76, which sum was formally offered in the petition in settlement of the inheritance tax.

In answer to the rule the sheriff contended that he is not bound by the value at which the estate was appraised as shown by the inventory taken, and avers that he is unable to accept same. He alleges further that he is

advised by his attorney that the debts claimed as exemptions against the values placed on the real estate are incorrect, but that he being unable to decide the questions involved, which are legal questions, submits the matter to the court for adjudication and decision. He contends that a debt in favor of Katie McDougall Martindale in the sum of $1,380 should not be allowed in view of the fact that she is the principal beneficiary under the will and is made residuary legatee thereunder. He also urges that the bill for legal costs and expenses is excessive and inasmuch as the testamentary executor is an attorney at law and handled all legal matters of the succession himself, he should be restricted to the fee or commission of 2½ per cent. of the total assets of the succession as fixed for an administrator by law. It is to be noted that in no paragraph nor in the prayer of his answer to the rule does the tax collector make mention of what he claims the amount of inheritance tax should be. As a matter of fact, he merely prays that the rule against him, in so far as it asks that the tax be fixed at the sum stipulated by the testamentary executor, be dismissed, but otherwise he submits the entire matter to the court for adjudication and decision.

The district judge, after hearing and trying the rule, rendered judgment fixing the tax in accordance with the prayer of the rule taken against the sheriff, except that he reduced the fee of the attorney from the sum of $800 as claimed to the sum of $500, and fixed the inheritance tax accordingly. From that judgment, the defendant in rule has taken this appeal.

The testamentary executor and Miss Katie McDougall Martindale, legatee, both appellees, have filed in this court a motion to dismiss the appeal on the ground that the only items in dispute being the claim of Miss Martindale for $1,380 and the legal charges which the district judge reduced to $500, the amount of inheritance tax on both, conceding they were both rejected and had to be added to the net value of the estate, would amount to the sum of $94, and therefore this court is without jurisdiction ratione materiæ to entertain this proceeding.

In determining the amount in dispute for the purpose of fixing jurisdiction, the court cannot take into account the sums that are admittedly due, especially when such sums are offered or tendered in payment. West Monroe Hardware & Furniture Co. v. Munholland, 18 La. App. 255, 138 So. 194; Nelson v. Continental Asphalt & Petroleum Co. et al., 157 La. 491, 102 So. 583. Hence, the amount of inheritance tax tendered by the testamentary executor in this case, that is, $31.76, cannot be taken into consideration in arriving at the amount in controversy.

What is in controversy, of course, is the amount of inheritance tax that may be due over and above the amount tendered in payment. The Inheritance Tax Law, Act No. 127 of 1921 (Ex. Sess.), fixes the amount of the tax on the legacies and an estate like the one in this case at 5 per cent. The only items contested by him, and with respect to which the tax collector has made any specific allegation as to the amount in the pleadings filed by him, consist of a claim of Miss Martindale for $1,380 which he contends should not be allowed and that of the attorney originally for $800 but now reduced to $500. All other allegations with regard to the value of the real estate are of the most general character without any specific amount ever being mentioned. The prayer of the answer, as already indicated, merely submits the matter to the court for adjudication and decision. Such averments and prayer cannot be considered in fixing the jurisdiction of an appellate court. Sowers Co. v. Melton, 14 La. App. 159, 129 So. 569.

In brief of counsel for the inheritance tax collector, in discussing the question of attorney's fees, it is stated that as the amount had been reduced by the court to $500 they are willing to let it stand at that. That sum also then has to pass out of consideration in determining the amount here in dispute and leaves in the final analysis only the claim of Miss Martindale for $1,380 at issue, and the real amount remaining in dispute in this proceeding being 5 per cent. of that amount, or the sum of $69, it is clear this court cannot entertain appellant's cause.

For the reasons stated the motion to dismiss the appeal is sustained, and it is ordered that the appeal herein taken by the inheritance tax collector be, and the same is hereby, dismissed; all costs to be borne by the estate.